UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CONDRON<br>JESSICA METIVIER<br><br>    Defendants | CRIMINAL No. 17-10243-IT |

## MOTION IN LIMINE TO ADMIT SECTION 1603 APPLICATIONS AS NON-HEARSAY DOCUMENTS

The United States respectfully moves this Court to admit Section 1603 applications the defendants submitted to U.S. Treasury Department ("Treasury") for Section 1603 grants. While they are statements made out-of-court, each of these applications (including the supporting documentation) are admissible under the Rules of Evidence as non-hearsay. First, to the extent the government alleges and proves they are false, the out-of-court statements are not being offered for the truth, and thus fall outside the definition of hearsay. *See* Fed. R. Evid. 801(c)(2). Second, the statements are admissible as statements against interest made by and offered against the defendants. *See* Fed. R. Evid. 801(d)(2). Third, the statements made individually by METIVIER and CONDRON were statements in furtherance of the conspiracy.

## ARGUMENT

As described in more detail in the government's pretrial memorandum, CHRISTOPHER CONDRON and JESSICA METEVIER submitted four fraudulent applications to Treasury requesting more than $51 million in grants under Section 1603 of the American Recovery and

Reinvestment Act of 2009. They did so through an attorney they knew from Carlisle, Massachusetts ("the Attorney"). As alleged in the indictment, the applications and their supporting documentation contained false, fictitious and fraudulent assertions, including:

- Applying for grants for an open-loop biomass facility, trash facility, and small wind energy property that did not exist in the manner claimed and/or was never placed in service

- Hiding CONDRON's involvement in the Section 1603 applications by only using METIVIER's name with each of the applicant entities; and

- Inflating and fabricating the cost basis of the property described in the applications.

Though assertions of fact and statements made out-of-court, each application is admissible as non-hearsay for the following reasons. First, the Section 1603 applications are admissible as non-hearsay because they are <u>not</u> offered for the truth of the matter asserted. Instead, they are being offered to show first, they were in fact made, and second, that they were false, fictitious and fraudulent and part of a scheme to defraud.

Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted.*" Fed. R. Evid. 801(c) (emphasis added). Thus, "[o]ut-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted." *Anderson v. United States*, 417 U.S. 211, 219 (1974) ("the point of the prosecutor's introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing, through other admissible evidence, that they were false"); *see also United States v. Mehanna*, 735 F.3d 32, 58 (1st Cir. 2013) ("To qualify as hearsay, a statement must be offered for its truth"); *United States v. Murphy*, 193 F.3d 1, 5–6 (1st Cir. 1999) ("So long as out-of-court statements are not offered for their truth, they are not

2

hearsay"). In this case, the applications and supporting documentation that the government has alleged are not being offered for the truth, but instead for the opposite proposition – that they are false.

The First Circuit found that similar files were admissible as non-hearsay on the same grounds in *United States v. Appolon*. 715 F.3d 362, 372 (1st Cir. 2013). The defendant in *Appolon* committed mortgage fraud by arranging for straw buyers to purchase real property, falsifying loan applications, and then allowing the properties to go into default. *Id.* at 366. The court found that the closing files from the defendant's attorney were "not introduced for the purpose of establishing the truth of the assertions contained therein, but rather, as instrumentalities of the crimes in question." *Id.* at 372. Like the files in *Appolon* the Section 1603 applications are introduced "to prove that the statements were made," and to demonstrate "through other admissible evidence that the statements were false." *Id.* Thus, the Section 1603 applications are admissible non-hearsay.

Second, the applications are admissible as non-hearsay because they are attributable to the defendants and thus are admissions by party opponents under Rule 801(d)(2). *See United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) ("Rule 801(d)(2)(A) simply requires that the admission at issue be contrary to a party's position at trial"). Under Rule 801(d)(2), a statement that is offered against an opposing party is admissible as non-hearsay when it:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

3

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2)

Here, the assertions made in the applications can be attributed to the defendants are thus are admissible as non-hearsay. Even though the Attorney submitted the applications, CONDRON was the driving force behind each of the applications. *See* Fed. R. Evid. 801(d)(2)(B). Thus, for each of these applications both METIVIER, SB and the Attorney was acting as CONDRON's representative (801(d)(2)(A)), agent (801(d)(2)(D)) and someone who was authorized (801(d)(2)(C)) to make the statements and claims to Treasury.

Judge Woodlock admitted similar agent testimony in *Selfridge v. Jama*. 172 F. Supp. 3d 397, 412 (D. Mass. 2016). The plaintiff in an employment action moved to strike testimony from the defendants' attorney that the plaintiff's attorney stated that he was "ok" with a prior employment agreement. *Id.* The court held that the statement was admissible under Fed. R. Evid. 801(d)(2)(C),(D) as "a statement by a person authorized by an opposing party to make a statement on that subject, including an agent acting within the scope of that relationship." *Id.* Here, the Attorney's statements are similarly non-hearsay because he was acting within the scope of his engagement. Moreover, the Attorney who submitted the applications to Treasury will testify at trial and be subject to cross-examination on each of the statements.

Third, the statements made individually by METIVIER and CONDRON were statements in furtherance of the conspiracy, and thus non-hearsay under Federal Rule of Evidence 801(d)(2)(E). The rule provides that a statement made by a defendant's coconspirator "during the course of and in furtherance of the conspiracy" may be introduced as the non-hearsay admission of a party opponent. Fed. R. Evid. 801(d)(2)(E). Here, the evidence will show that (1) a conspiracy existed to defraud the Treasury by submitting false, fictitious, and fraudulent Section

4

1603 applications; (2) CONDRON and METIVIER were members of the conspiracy; and (3) CONDRON and METIVIER's statements in the Section 1603 applications were made in furtherance of the conspiracy. *See United States v. Diaz*, 670 F.3d 332, 348 (1st Cir. 2012); *United States v. Petrozziello*, 548 F.2d 20, 23 (1st Cir. 1977). Thus any statements made by METIVIER or CONDRON individually and incorporated into the Section 1603 Applications are not hearsay.

## Conclusion

The government submits that the Section 1603 applications are admissible at trial because they are not hearsay.

ANDREW E. LELLING
United States Attorney

By: /s/ *Elysa Q. Wan*
Neil J. Gallagher, Jr.
Elysa Q. Wan
Assistant U.S. Attorneys

Date Submitted: January 21, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                           /s/ Elysa Wan
                                           Elysa Wan
                                           Assistant United States Attorney

Date: January 21, 2019