UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CONDRON<br>JESSICA METIVIER<br><br>    Defendants | CRIMINAL No. 17-CR-10243-IT |

## MOTION IN LIMINE TO ALLOW LAY AND EXPERT TESTIMONY

The government moves to admit expert testimony of lay witness, Edward Settle, a government contractor who reviewed fraudulent applications submitted by defendants, Christopher Condron and Jessica Metivier. Settle will provide fact testimony about his review of the applications as well as his scientific and technical opinions about the operability, cost, and feasibility of the systems described in the applications.

### FACTUAL BACKGROUND

Settle reviewed grant applications for clean energy projects, including the defendants' fraudulent applications. Section 1603 of the American Recovery and Reinvestment Act of 2009 offered tax-free grants to reimburse applicants for a portion of the cost of installing clean energy projects. Applicants were required to provide detailed information about the project including supporting documentation showing that (1) the property was eligible, (2) the property had been placed in service, and (3) the requested payment amount was accurate. Condron and Metivier submitted four applications for more than $51 million in grants claiming that they had installed two open-loop biomass systems, a trash facility, and a barge-mounted wind facility. Settle

managed a team of about 30 reviewers at the National Renewable Energy Laboratory ("NREL") who analyzed applications, communicated with applicants, and ultimately recommended approving or rejecting of the application.

Settle will provide lay witness testimony about Section 1603 applications, the NREL review process, and his review of the defendants' applications. Settles, for example, exchanged emails with the defendants' attorney requesting invoices, detailed cost information, business plans, and engineering plans for the $17.6 M grant that the defendants submitted.

Settle will also testify as a scientific and technical expert about the operability, cost, and feasibility of the energy systems described in the defendants' Section 1603 applications. He will, for example, opine about the systems described in the defendants' Section 1603 applications including (1) the technical challenges in building such systems, (2) the types of equipment usually used in such systems, (3) whether the equipment the defendants purchased could be used in such systems, (4) the cost of the system, and (5) whether the applications' descriptions of the systems are accurate and internally consistent.

## LEGAL ARGUMENT

The same witness may be qualified to provide both lay and expert testimony in a single - case. Fed. R. Evid. 701-702; *United States v. Ayala–Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005). Indeed, Rule 701 does not distinguish between expert and lay witnesses, but rather between expert and lay testimony. Fed. R. Evid. 701 Advisory Committee's notes. But courts must be mindful when the same witness provides both lay and expert testimony because there is a risk of undue prejudice including the possibility that the jury may unduly credit the opinion testimony of the lay and expert witness. *United States v. Upton*, 512 F.3d 394, 401 (7th Cir. 2008).

Settle's expert testimony is highly probative and will not create undue prejudice. Expert testimony about ordinary matters—such as why a defendant may use a false name—is often unduly prejudicial. *United States v. Montas*, 41 F.3d 775, 784 (1st Cir. 1994) ("By appearing to put the expert's stamp of approval on the government's theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged."). In contrast, Settle's expert opinions about complex biofuel systems is "well [outside] the bounds of a jury's ordinary experience." Settle's expert testimony also goes to a fundamental question in the case: whether the defendants ever built the systems described in the Section 1603 applications. Similarly, in *United States v. Lopez-Lopez*, the court held that expert testimony was highly probative given the facts of the case. 282 F.3d 1, 15 (1st Cir. 2002). The court admitted expert testimony about how drug smugglers use GPS and cellular phones because a GPS and cell phone was found on a drug boat, and the cell phone had called the defendant earlier that night. Settle will not provide improper overview testimony like the testimony condemned in *United States v. Flores-De-Jesus*. 569 F.3d 8, 20 (1st Cir. 2009). There the court held that testimony based on information gathered from police reports, unadmitted documents was hearsay and inappropriate overview testimony. *Id.* Settle will testify based solely on his personal knowledge as a project manager for NREL and an expert in biofuel technologies.

Finally, the government is mindful of the procedural requirements for expert testimony. The government plans to provide a detailed expert disclosure for Settle by the deadline of February 4, 2019. The government will also qualify Settle as an expert at trial relying on his educational and work experience. Settle, for example, has obtained bachelors degrees in chemistry and chemical and petroleum-refining engineering. He has more than 25 years of experience providing consulting and due diligence opinions for environmental and energy

projects, including running a biofuel company that tried to create an energy plant running on grain ethanol.

## Conclusion

The government submits that Edward Settles should be permitted to testify at trial as both a lay witness and an expert witness.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   /s/ *Elysa Q. Wan*
      Neil J. Gallagher, Jr.
      Elysa Q. Wan
      Assistant U.S. Attorneys

Date Submitted: January 21, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              __/s/ Elysa Q. Wan_____
                                              Elysa Q. Wan
                                              Assistant United States Attorney

Date: January 21, 2019