UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER N. CONDRON<br>JESSICA METIVIER<br><br>    Defendants | CRIMINAL No. 17-CR-10243-IT |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Under Rule 30 of the Federal Rules of Criminal Procedure, the United States hereby requests that this Honorable Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases. The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendant and in light of the evidence in the case, as well as in light of the Court's ruling relating to any motions *in limine* filed by the parties.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Elysa Q. Wan*
       Elysa Q. Wan
       Assistant United States Attorney
       (617)748-3520

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

　　　　　　　　　　　　　　　/s/Elysa Wan　　　　　　　　　
　　　　　　　　　　　　　　Elysa Wan
　　　　　　　　　　　　　　Assistant United States Attorney

Date: January 21, 2019

# TABLE OF CONTENTS

Instruction No. 1: The Indictment in this Case ................................................................ 4

Instruction No. 2: Preliminary Statement of Elements of Crime .................................... 5

Instruction No. 3: Conspiracy to Defraud the Government with Respect to Claims ...................... 6

Instruction No. 4: Elements of False, Fictitious and Fraudulent Claims ....................... 8

Instruction No. 5: Elements of Wire Fraud ................................................................. 10

Instruction No. 6: Common Definitions .................................................................... 12

Instruction No. 7: Aiding and Abetting .................................................................... 13

Instruction No. 8: Kinds of Evidence: Direct and Circumstantial ............................... 15

Instruction No. 9: Credibility of Witnesses .............................................................. 16

Instruction No. 10: Various Ways of Proving Knowledge .......................................... 17

Instruction No. 11: Intent and Motive ..................................................................... 18

Instruction No. 12: Defendant's Right Not to Testify ............................................... 19

Instruction No. 13: Stipulations ............................................................................. 20

Instruction No. 14: Use of Charts and Summaries ................................................... 21

## INSTRUCTION NO. 1:  THE INDICTMENT IN THIS CASE

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by Assistant United States Attorneys, Neil Gallagher and Elysa Wan. The defendant, Christopher Condron, is represented by his lawyer, William White.

The Defendant has been charged by the government with violations of federal laws.  He is charged with conspiracy to defraud the United States with respect to claims and wire fraud. The charges against the Defendant are contained in the indictment. The indictment is simply the description of the charges against the Defendant; it is not evidence of anything.  The Defendant pleaded not guilty to the charges and denies committing the crimes. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

Source: First Circuit Pattern Jury Instruction No. 1.02 (updated 7/27/2007)

**INSTRUCTION NO. 2: PRELIMINARY STATEMENT OF ELEMENTS OF CRIME**

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, each of which the government must prove beyond a reasonable doubt to make its case:

Count One – Conspiracy to Defraud the United States With Respect to Claims

(1)     two or more people in some way agreed to try to accomplish a shared and unlawful plan;

(2)      the defendant knew the unlawful purpose of the plan and willfully joined in it; and

(3)     the plan was to defraud the Government by obtaining the payment or allowance of a claim based on a false, fictitious or fraudulent material fact.

Counts Two through Four – Wire Fraud

(1)     that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

(2)     that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

(3)     that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

(4)     that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused an interstate wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instruction I give you at the end of the trial, the instructions given at the end of the trial govern.

Source: First Circuit Pattern Jury Instruction No. 1.04 (Updated: 6/14/2002)

**INSTRUCTION NO. 3:  CONSPIRACY TO DEFRAUD THE GOVERNMENT WITH RESPECT TO CLAIMS**

Count One of the Indictment charges the Defendant with conspiracy to defraud the government by submitting a false, fictitious, or fraudulent claim for payment.

It is a Federal crime for anyone to conspire or agree with someone else to defraud the Government by obtaining or helping to obtain the payment or allowance of any false, fictitious or fraudulent claim.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The defendant, Christopher Condron, can be found guilty only if all the following facts are proved beyond a reasonable doubt:

> First: two or more people in some way agreed to try to accomplish a shared and unlawful plan;
>
> Second: the defendant knew the unlawful purpose of the plan and willfully[1] joined in it; and

---

[1]The Courts of Appeals are divided on the issue of whether willfulness is an essential element of conspiracy to defraud the government with respect to claims 18 U.S.C. § 286.  The First Circuit is silent on the issue, although it has ruled that willfulness is not an element of making a false claim under 18 U.S.C. § 287.  The Fifth and Eleventh Circuits and unpublished Second and Third Circuit opinions state that willfulness is an element of 18 U.S.C. § 286.  *United States v. Upton*, 91 F.3d 677, 683 (5th Cir. 1996) (finding that the good faith defense instruction was unnecessary because the charge defined "knowingly" and "willfully"); *United States v. Pierre*, 825 F.3d 1183, 1193 (11th Cir. 2016); *United States v. Baldwin*, 774 F.3d 711, 722 (11th Cir.

      <u>Third</u>:  the plan was to defraud the Government by obtaining the payment or allowance of a claim based on a false, fictitious or fraudulent material fact.

      A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and willfully joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty. But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also, a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

<u>Source</u>: Adapted from Eleventh Circuit Pattern Jury Instructions, O 11.1 (2018); 18 U.S.C. § 286. (2007).

---

2014); *United States v. Contreras*, No. 05-6692-CF, 247 F. App'x 293, 295 (2d Cir. Sept. 18, 2007); *United States v. Ruiz*, No. 13-50471, 665 F. App'x 607, 611 (9th Cir. Dec. 6, 2016). Meanwhile, the Seventh Circuit and an unpublished Third Circuit opinion ruled that willfulness is not an element of 18 U.S.C. § 286.  *United States v. Anzaldi*, 800 F.3d 872, 880–81 (7th Cir. 2015) ("The government need not prove that the defendant acted willfully to prove a violation under [18 U.S.C. § 286], which only require proof that a defendant made a claim upon the United States knowing that the claim was false."); *United States v. James*, No. 15-1654, 712 F. App'x 154, 159 (3d Cir. Sept. 26, 2017) 2015). Separately, Appellants argue that a higher mens rea of willfulness should have been required, as these were, in essence, tax violations. *United States v. James*, 712 F. App'x 154, 159 (3d Cir. 2017)

## INSTRUCTION NO. 4:  ELEMENTS OF FALSE, FICTITIOUS AND FRAUDULENT CLAIMS

The object of the alleged conspiracy – that is, the crime that indictment alleges the defendants

conspired or agreed to commit – is making a false, fictitious or fraudulent claim to an agency of

the United States.  The crime of making a false, fictitious, or fraudulent claim against the United

States, has four elements:

> First: the defendant made or presented a false, fictitious, or fraudulent claim for payment
> to the U.S. Treasury Department;

> Second: the defendant knew such claim was false, fictitious or fraudulent; and

> Third: the defendant did so with the specific intent to violate the law or with a
> consciousness that what he was doing was wrong
> .
> A claim is "false" or "fictitious" if any part of it is untrue when made, and then known to

be untrue by the person making it or causing it to be made. A claim is "fraudulent" if any part of

it is known to be untrue, and made or caused to be made with the intent to deceive the

governmental agency to which submitted.

<u>Source</u>: Although it is clear from the case law that specific intent to defraud is not required for a conviction under 18 U.S.C. § 287, the Courts of Appeals are divided on the issue of whether willfulness is an essential element of the crime. For example, the United Stated Courts of Appeals for the Tenth, Fifth and Second Circuits have held that willfulness is <u>not</u> an essential element of Section 287, while the Ninth, Eighth and Fourth Circuits appear to indicate that willfulness is an essential element of Section 287.  *See* Criminal Resource Manuel 901-999 (Elements of 18 U.S.C. § 287).  The First Circuit appears to side with the Fifth Circuit.  *See United States v. Davis*, 717 F.3d 28, 33 (1st Cir. 2013) ("the elements of [§ 287] are: 1) presenting a false or fraudulent claim against the United States; 2) presenting the claim to an agency of the United States; and 3) knowledge that the claim was false or fraudulent") (*citing United States v. Clark*, 577 F.3d 273, 285 (5th Cir.2009)).  Here, the government's proposed instruction includes a willfulness requirement. *see also* Model Crim. Jury Instr. 8th Cir. 6.18.287 (2014) (providing definition of false, fictitious and fraudulent).  Furthermore, while the Eight and Fourth Circuits have read materiality into the statute, *see United States v. Adler,* 623 F.2d 1287, 1291 n. 5 (8th Cir.1980); *United States v. Snider,* 502 F.2d 645, 652 n. 12 (4th Cir.1974), the Fifth, Ninth, Tenth and Second Circuits have held that § 287 does not require proof of the materiality of the false statement. *See United States v. Upton,* 91 F.3d 677, 685 (5th Cir.1996); *United States v. Taylor,* 66 F.3d 254, 255 (9th Cir.1995); *United States v. Parsons,* 967 F.2d 452, 455 (10th Cir.1992); *United States v. Elkin,* 731 F.2d 1005, 1009–10 (2d Cir.1984), *overruled on other grounds by United States v. Ali,* 68 F.3d 1468 (2d Cir.1995). Finally, the Third Circuit has

split the difference and concluded that materiality sometimes is, and sometimes is not, an element under § 287. *See United States v. Saybolt,* 577 F.3d 195, 200 (3d Cir.2009) ("Section 287 connects the terms 'false,' 'fictitious,' and 'fraudulent' with the disjunctive 'or.' Giving these terms separate meanings, we read Section 287 to demand a showing that the claim was known to be either 'fraudulent,' which would require proof of materiality, or 'false' or 'fictitious,' which would not require proof of materiality. This means that proof of materiality is not always required to establish a Section 287 violation"); *cited in United States v. Newell*, 658 F.3d 1, 16–17 (1st Cir. 2011).

.

## INSTRUCTION NO. 5:  ELEMENTS OF WIRE FRAUD

The defendant is charged in Counts Two to Four with wire fraud.

In order for the defendant to be found guilty of wire fraud, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, that the scheme to defraud involved the misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involved a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter;

Third, that the defendant knowingly and willfully participated in this scheme with the intent to defraud; and

Fourth, that for the purpose of executing the scheme or in furtherance of the scheme, the defendant caused an interstate wire communication to be used, or it was reasonably foreseeable that for the purpose of executing the scheme or in furtherance of the scheme, an interstate wire communication would be used.

A scheme includes any plan, pattern or course of action.  It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the alleged scheme actually succeeded in defrauding anyone.  But the government must prove beyond a reasonable doubt that the scheme was substantially as charged in the indictment.  The government is not required to prove that the defendant actually devised the scheme, so long as he willfully participated in it with the knowledge of its fraudulent nature and with the intent to achieve its illicit objectives.

The term "false or fraudulent pretenses" means any false statements or assertions that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud.  They include actual, direct false statements as well as

half-truths and the knowing concealment of facts.  Fraudulent behavior encompasses more than the communication of false statements, and includes deceptive representations.

An "interstate wire communication" includes a wire transfer of funds between financial institutions as well as an e-mail transmission or other internet communication.  The wire communication does not itself have to be essential to the scheme, but it must have been made for the purpose of carrying it out.  There is no requirement that the defendant himself was responsible for the wire communication, that the wire communication itself was fraudulent, or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.  But the government must prove beyond a reasonable doubt that the defendant knew, or could reasonably have foreseen, that use of a wire communication would follow in the course of the scheme.

Source: Adapted from: First Circuit Pattern Jury Instruction No. 4.18.1343 (updated 10/5/2012); 31 U.S.C. §§ 5324(c)(3) and 5316; *United States v. Davenport*, 929 F.2d 1169 (7th Cir.1991) (Structuring occurs when an individual alters his transaction in such a way in order to avoid the reporting requirement); *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1145 (9th Cir. 2012) ("The facts here are circumstantial, but a case such as this rarely has direct evidence").

# INSTRUCTION NO. 6:  COMMON DEFINITIONS

Conspiracy to defraud the government with respect to claims and wire fraud have several terms in common, which I will define here.

Both crimes use the term "defraud," which means to deceive another in order to obtain money or property.

Both crimes refer to "material facts."  A "material fact" is one that has a natural tendency to influence or be capable of influencing the decision of the decision maker to whom it was addressed.

Both crimes require that the defendant act knowingly and willfully.  The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.  To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.

Source: Adapted from: First Circuit Pattern Jury Instruction No. 4.18.1343 (updated 10/5/2012);
First Circuit Pattern Jury Instruction No. 2.15 (updated 10/5/2012); First Circuit Pattern Jury
Instruction No. 2.17 (updated 6/4/2014)

# INSTRUCTION NO. 7:  AIDING AND ABETTING

In addition to alleging that the Defendant committed the offenses charged in Counts Two through Four (Wire Fraud), the indictment also alleges that the Defendant aided and abetted these offenses.  You may find the defendant guilty if you find, beyond a reasonable doubt, that the Defendant either committed the offense or if he aided and abetted the offense. To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt:

<u>One:</u> that the substantive offense (Wire Fraud) was actually committed by someone;

<u>Two:</u> that the Defendant took an affirmative act to help or cause the substantive offense; and

<u>Three:</u> that the Defendant intended to help or cause the commission of the substantive offense.

The second element, the "affirmative act" element, can be satisfied without proof that the Defendant participated in each and every element of the substantive offense. It is enough if the Defendant assisted in the commission of the substantive offense or caused the substantive offense to be committed.

The third element, the "intent" element, is satisfied if the Defendant had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time when the defendant can opt to walk away. A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the substantive offense and knowledge that the substantive offense is being committed are also not sufficient to constitute aiding and abetting. But you may consider these things among other factors in determining whether the government has met its burden.

Source: First Circuit Pattern Jury Instruction 4.18.02(a) (Updated 6/27/2016)

## INSTRUCTION NO. 8:  KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence that is proof of a fact or facts from which you could draw the inference, by reason and common sense that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Source: First Circuit Pattern Jury Instruction No. 3.05 (updated 6/14/02)

**INSTRUCTION NO. 9:  CREDIBILITY OF WITNESSES**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Source: First Circuit Pattern Jury Instruction No. 3.06 (updated 6/14/2002)

**INSTRUCTION NO. 10:  VARIOUS WAYS OF PROVING KNOWLEDGE**

Your decision about whether the defendant knew the essential purpose and aim of the conspiracy involves a decision about his state of mind.  It is difficult to prove directly the operation of a defendant's state of mind, although in this case, you have heard evidence, which you may or not find credible, of statements made by the defendant himself.  But in determining the defendant's state of mind, you may consider all the facts and circumstances shown by the evidence, and then make reasonable inferences from the evidence, to determine the defendant's state of mind.

Source: Adapted from L. Sand, Modern Federal Jury Instructions: Criminal, &56-01, Instr. 56-59 (1993).  *United States v. Cintolo*, 818 F.2d 980, 1003 (1st Cir. 1987) (mere association not sufficient).

**INSTRUCTION NO. 11:  INTENT AND MOTIVE**

"Intent" and "motive" should never be confused.  Motive is what may prompt a person to act, or fail to act, in a certain way.  Intent is simply the state of mind with which the act is done or omitted.

Personal advancement and financial gain are two well-recognized and common motives. These motives can prompt one person to voluntary acts of good, another person to voluntary acts of crime.  Good motive alone, when it exists, is never a defense if the act done or omitted is a crime.

Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice and Instructions, 17.06 (5th ed. 2000).

**INSTRUCTION NO. 12:  DEFENDANT'S RIGHT NOT TO TESTIFY**

The defendant in this case, Christopher Condron, has a constitutional right not to testify. No inference of guilt, or of anything else, may be drawn from the fact that he did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Adapted from Pattern Jury Instructions: First Circuit, Criminal Cases § 3.03 (1998).

## INSTRUCTION NO. 13:  STIPULATIONS

The evidence in this case includes facts the parties have agreed are true, as presented in written "stipulations" that both parties signed.  A stipulation means simply that the Government and the defendant agree that a particular fact is true.  Since there is no disagreement, there is no need for evidence to be presented apart from the stipulation.  You must accept the stipulation as fact, and you can give it whatever weight you choose.

[] written stipulations, signed by the parties, have been entered into evidence in this case. They are marked Exhibits [].

Adapted from First Circuit Pattern Jury Instructions, § 2.01 (1998).

**INSTRUCTION NO. 14:  USE OF CHARTS AND SUMMARIES**

During the trial, charts or summaries prepared by the Government were admitted into

evidence and shown to you for the purpose of summarizing and explaining facts contained in

other documents.  You may consider the charts and summaries as you would any other evidence

admitted during the trial and, like any other evidence, give them whatever weight or importance

you feel they deserve.

Adapted from O'Malley, Grenig, & Hon. Lee, Federal Jury Practice and Instructions, No. 14.02
(6th ed. 2008).