UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:17-cr-10243-IT |
| | * | |
| CHRISTOPHER CONDRON, and | * | |
| JESSICA METIVIER, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

June 9, 2020

TALWANI, D.J.

Defendants Christopher Condron and Jessica Metivier have been charged with conspiracy to defraud the government, in violation of 18 U.S.C. § 286, and wire fraud in violation of 18 U.S.C. § 1343. The United States has subpoenaed Condron's mother, Shirley Brewer, for a deposition. Pending before the court is Brewer's Motion to Quash the Deposition Subpoena [#198] and the United States' Motion for Leave to File Unredacted Opposition and Exhibits under Seal [#204]. For the following reasons, Brewer's motion is denied and the United States' motion is denied as moot.

I.   Procedural Background

On October 18, 2019, the United States moved pursuant to Fed. R. Crim. P. 15(a)(1) for an order authorizing a pretrial video deposition of Shirley Brewer to preserve her testimony for Defendants' trial. Rule 15 Mot. for a Pre-Trial Dep. [#151]. Neither Defendant objected, Certification under Local Rule 7.1 [#152], and on October 25, 2019, the court granted the motion. Elec. Order [#153]. The deposition has been rescheduled a number of times.

On January 25, 2020, Condron sought appointment of new counsel, see Motion to Appoint Counsel [#174], and on January 31, 2020, Brewer also sought appointment of counsel.

[#184]. On February 3, 2020, the court appointed new counsel for Condron. See Elec. Clerk's Notes [#181]. Brewer's motion was allowed on February 6, 2020, and counsel appointed on April 17, 2020. Elec. Order [#185]; CJA Appointment [#196]. At some point, Brewer's deposition was continued to June 16, 2020. United States Opp'n to Mot. to Quash 4 [#203].

On June 2, 2020, Brewer filed her Motion to Quash the Deposition Subpoena [#198], which is supported by her counsel's Affidavit [#199] and Brewer's Medical Information [#202] (filed under seal). The government has filed a redacted Opposition [#203] with exhibits, as well as the pending Motion for Leave to File Unredacted Opposition and Exhibits under Seal [#204]. Defendant Condron has filed a Reply [#206] in support of Brewer's motion.

II.     Brewer's Motion

Brewer argues that "significant countervailing factors" render the taking of the deposition "unjust." Mot. to Quash the Dep. Subpoena 2 [#198]. She lists three such factors: 1) she suffers from mental infirmity and therefore may not be competent; 2) she is not an indispensable witness and the government does not need her testimony; and 3) she faces an undue emotional burden if deposed because she is Defendant Condron's mother. Id. at 2-6.

The first two factors touch on issues previously addressed by the court. The government moved that Brewer be deposed in order to preserve testimony for trial, arguing that there was a significant risk that Brewer would not be available for trial given her age and deteriorating health and that her testimony was "pivotal to the charges in this case." Rule 15 Mot. for a Pre-Trial Dep. 1-2 [#151]. Under Fed. R. Crim. P. 15(a)(1), a court "may grant the motion because of exceptional circumstances and in the interest of justice." The court applied this standard before granting the motion.

The court finds no basis for reconsideration of its prior Rule 15(a)(1) determination upon

the motion of a third-party witness. As Brewer's counsel concedes, "lack of competence is typically not a bar to compelling attendance at a deposition." Mot. to Quash the Dep. Subpoena 2 [#198]. Moreover, in allowing the Rule 15(a) motion, the court has already determined that Brewer's potential testimony is important enough that a pre-trial deposition is "in the interest of justice." The government is not required to demonstrate that her testimony is indispensable.

Brewer's final argument is properly raised in a motion to quash. See Fed. R. Civ. P. 45(d)(3)(A)(iv) (stating a deposition subpoena may be quashed if it "subjects a person to undue burden"); see also Fed. R. Crim. P. 15(e) ("Unless these rules or a court order provides otherwise, a deposition must be taken and filed in the same manner as a deposition in a civil action . . ."). However, her claim of an "emotional burden" in testifying against her son and the mother of her grandchildren is insufficient to warrant quashing the subpoena. Brewer faces an "emotional burden" whether she testifies in a Rule 15 deposition or at trial since, as she concedes, there is no privilege protecting her from testifying against her son. Thus, the setting and timing of her testimony do not exacerbate, or even relate to, her stated hardship. And, accordingly, Brewer's stated emotional burden is not cognizable as the requisite "undue burden" under the Federal Rules for quashing a subpoena.

The government has offered to have Brewer testify from her residence over video conference instead of traveling to the courthouse. See Email, dated May 22, 2020 [#203-3]. Counsel has further offered that the deposition could be done over more than one day, an hour or so at a time. The court finds these procedures sufficient to alleviate any cognizable burden.

III.   Condron's Reply

After the government filed its opposition Condron filed a Reply [#206] in which he argues that Brewer's motion should be allowed or, at least, that the deposition be postponed. The

court views this filing as an untimely motion for reconsideration of the underlying Rule 15(a) order, which should have been filed at the very latest when Condron's new counsel was aware that the government was proceeding with the deposition, and not after the government filed its opposition to Brewer's motion. The court nonetheless has considered Condron's arguments.

Condron objects that he will not be able to "physically see the witness" while she testifies and will not be able to adequately consult with his lawyer during the questioning of the witness. Reply 1-2 [#206]. As a practical matter, the parties can accommodate Condron seeing the witness and being seen by the witness through two-way video technology, and can accommodate his communications with his counsel by allowing, as part of the deposition protocol, simultaneous confidential communication between Condron and his counsel through chat functions or other online or phone communications.[1] Condron asserts, however, that any difficulties with the video deposition are of constitutional dimensions, contending the procedure will abridge his right to confront the witness, and will impair his right to counsel and to due process of law because he will not be able to adequately consult with his lawyer during the questioning of the witness. Id. The court declines to reach these constitutional questions raised for the first time in a reply to the government's opposition to a third-party's motion to quash. Condron may raise his concerns in advance of admission of the deposition testimony at trial. See Fed. R. Crim. P. 15(f) (stating the order allowing the Rule 15 deposition "does not determine [the] admissibility" of the deponent's testimony); id. at 15(g) ("[a] party objecting to deposition testimony or evidence must state the grounds for the objection during the deposition.").

Condron next asserts that Brewer's counsel's questions about Brewer's competency and

---

[1] To ensure best practices, the parties shall set forth a written deposition protocol in advance of the deposition.

the filed confidential medical report "significantly transform[] the issues at stake." Reply 2 [#206]. However, these medical issues were not raised for the first time in the motion to quash. Instead, Brewer's claim of "memory issues" and assertion that she had seen a doctor regarding her memory issues were identified by the government in its October 2019 motion seeking the deposition. Rule 15 Mot. for a Pre-Trial Dep. 2 [#151]. Any request for medical records should have been made long ago, and in any event, is not a ground for delaying this deposition. The court notes that the only medical report filed by Brewer's counsel relates to a November 2016 evaluation.

Condron argues next that the trial is now scheduled for September 14, 2020, diminishing the urgency for the testimony. That date, however, is still three months away. Moreover, traveling to the courthouse for trial, without the breaks in testimony offered here by government counsel, may make the process far more stressful and burdensome for Brewer.

Condron argues finally that there is a risk of "double exposure" of Brewer's testimony. Reply 3 [#206]. The issue of whether a deposition transcript is merely read to the jury or sent back to the jury room during deliberations may also be raised at trial and is not a ground for reconsideration of the court's order allowing the deposition to go forward.

IV.  Conclusion

Accordingly, for the aforementioned reasons, Shirley Brewer's Motion to Quash the Deposition Subpoena [#198] is DENIED. The United States' Motion for Leave to File Unredacted Opposition and Exhibits under Seal [#204] is DENIED as moot.

IT IS SO ORDERED.

Date: June 9, 2020                               /s/ Indira Talwani
                                                 United States District Judge