UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. 1:17-cr-10243-IT |
| | * | |
| CHRISTOPHER N. CONDRON, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

October 16, 2020

TALWANI, D.J.

 Before the court is Defendant Christopher Condron's renewed Motion to Continue [#252] his trial to February 2021 in light of the heightened risk posed by COVID-19 to individuals like himself with diabetes and autoimmune conditions. The court denied a similar Motion to Continue [#212] in July 2020; however, for the following reasons, the renewed motion is ALLOWED.

 First, Defendant has provided additional information supporting his request. He asserts that since he last petitioned the court, new research indicates that individuals with diabetes are much more likely to suffer severe outcomes, including death, if they contract COVID-19, Mot. to Continue 2-3 [#252], and he has submitted several publications supporting this assertion. Id., Exh. D-I. Defendant has also outlined the considerable precautions he has taken since March 2020 to minimize his risk of transmission. Defendant Affidavit [#263-1]. In addition, responding to the court's concern that there is no guarantee that COVID-19 will not pose the same risk in February 2021, Defendant notes that several leading infectious disease specialists predict that safe and effective vaccines will be available for those most at risk of contracting COVID-19 within the next few months. Supplemental Memorandum 1-2 [#263].

Second, Defendant lives in Barnstable and does not have a driver's license, such that he would have to take public transportation to Boston, thereby increasing his risk of contracting COVID-19. The court has attempted to obtain housing for Defendant, which would have allowed him to remain in Boston and avoid a daily commute for the duration of the trial. However, the court and the Probation Office do not currently have resources they may use to provide for such housing.

Finally, although the District Court has taken significant steps to reduce the possibility of transmission of COVID-19, jury trials have just recently resumed. Additional experience in conducting such trials safely is warranted before starting one where the defendant is not currently in custody awaiting trial; the defendant has a heightened risk of severe illness if he contracts COVID-19; the trial may involve out-of-state witnesses; and the trial is anticipated to take several weeks.

However, this case is one of the oldest criminal cases on the court's docket, and it cannot be continued indefinitely, even during a pandemic. As more jury trials take place over the next few months, the court will gain experience and will expect to conduct trials of defendants with underlying medical conditions. The clerk shall set a status conference in December 2020, and counsel are therefore directed to confer and be ready to discuss dates for a trial in early 2021 at the December status conference.

IT IS SO ORDERED.

October 16, 2020                                  /s/ Indira Talwani
                                                  United States District Judge