UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   Criminal Action No. 1:17-cr-10243-IT |
| | * |
| CHRISTOPHER CONDRON, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

July 20, 2021

TALWANI, D.J.

Before the court is Defendant Christopher Condron's Motion for Clarification [#339], which seeks clarification of his reciprocal discovery obligations. Rule 16(b)(1) of the Federal Rules of Criminal Procedure imposes a reciprocal discovery requirement between the United States and a criminal defendant. See Fed. R. Crim. P. 16(b)(1). Rule 16(a)(1)(E) provides:

> **(E) Documents and Objects**. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> **(i)** the item is material to preparing the defense;
>
> **(ii)** the government intends to use the item in its case-in-chief at trial; or
>
> **(iii)** the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). Once a defendant makes a request under Rule 16(a)(1)(E) and the United States complies with that request, Rule 16(b) provides that, subject to certain exceptions,

> the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:
>
> **(i)** the item is within the defendant's possession, custody, or control; and

        **(ii)**   the defendant intends to use the item in the defendant's case-in-chief at trial. Fed. R. Crim. P. 16(b)(1)(A). If a defendant fails to disclose evidence required under rule 16(b)(1)(A), the court may prohibit the defendant from introducing the undisclosed evidence at trial. Fed. R. Crim. P. 16(d)(2); see also United States v. Rodriguez Cortez, 949 F.2d 532, 546 (1st Cir. 1991) ("It is within the trial court's discretion to exclude evidence for non-compliance with 16(b)(1)(A)"). Rule 16, like all federal rules of criminal procedural, is to be "interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2.

      At issue here is the meaning of "case-in-chief." Rule 16 does not define the term "case-in-chief," nor are the Advisory Committee's notes to Rule 16 particularly useful in assessing its meaning.

      Condron contends that the term refers to evidence that a defendant intends to present after the government rests. Mot. for Clarification 2-4 [#339]. This view finds support in Supreme Court and First Circuit decisions that use the term "case-in-chief" to refer to the part of a trial between when a party calls its first witness and when it rests and that differentiate between a party's case-in-chief and its cross-examination of another party's witnesses. See, e.g., Messer v. Kemp, 474 U.S. 1088, 1089 (1986) (Marshall, J., dissenting) (noting that the defense "put on no case in chief," although defense counsel cross-examined the government's witnesses); Walder v. United States, 347 U.S. 62, 66 (1954) ("the Government could no more work in this evidence on cross-examination than it could in its case in chief"); United States v. Romero-Lopez, 695 F.3d 17, 24 (1st Cir. 2012) (the government "should have brought evidence as to this incident during

the government's case-in-chief, rather than bring the incident up solely during its cross-examination").

The government counters that "case-in-chief" is not a strictly temporal concept but rather refers to the purpose for which a defendant intends to use the evidence. Gov't Resp. 1-3 [#340]. The government relies on several district court cases for its contention that a defendant's case-in-chief includes cross-examination of a government witness. See id. at 1-2 (citing United States v. Kilmartin, 2016 WL 6208379, at *2 (D. Me. 2016) and United States v. Swenson, 298 F.R.D. 474, 476–77 (D. Idaho 2014)).

The court finds consideration of the Federal Rules of Evidence most helpful. Cross-examination of a witness "should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b); see also Alford v. United States, 282 U.S. 687, 694 (1931). However, in exercising its control over the mode and order of examining witnesses, a judge may allow a party to introduce evidence beyond the scope of traditional cross-examination. See Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses"), (b) ("The court may allow inquiry into additional matters as if on direct examination"). Accordingly, the court finds that evidence presented by the defendant that is "beyond the subject matter of the direct examination and matters affecting the witness's credibility," whether offered before or after the government rests, *would* constitute part of his case-in-chief.

Given these guideposts, if Condron chooses not to disclose such evidence until trial, on the government's objection, the court will consider whether the evidence is "beyond the subject

matter of the direct examination and matters affecting the witness's credibility." If so, inquiry may not be permitted regardless of whether it occurs before or after the government rests.

    IT IS SO ORDERED.

July 20, 2021                                              /s/ Indira Talwani
                                                                                    United States District Judge