UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-10243-IT |
| | ) | |
| CHRISTOPHER CONDRON, | ) | |
| | ) | |
| Defendant, | ) | |

## GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTION FOR LEAVE TO PERMIT OUT-OF-STATE WITNESSES TO TESTIFY REMOTELY

While the government does not object, in principle, to the use of video-conference technology for out-of-state witnesses, the government opposes the defendant's one-sided motion to permit six witnesses to testify by Zoom video conference ("Motion") on two grounds. First, the government anticipates significant relevance and hearsay objections to these witnesses. Second, the defendant has not demonstrated why their six defense witnesses cannot testify in-person. While the defendant cites generalized COVID-related concerns, he will not extend the same consideration to government witnesses who may not be able to travel because of COVID-related issues.

First, the defendant's motion relates to six witnesses who had peripheral dealings with the defendant. Most of the witnesses had vague discussions with the defendant about purchasing equipment or renewable-energy properties. Only a couple witnesses appear to have received payment from the defendant for generators or other equipment totaling $77,000 (John Conine) or $19,000 (Seth Kettleman). Defense counsel informed the government that the testimony of each witnesses will take about ten minutes.

To the extent that the witnesses will testify about the defendant's hypothetical plans to purchase or construct renewable energy systems, that information is inadmissible hearsay

1

and only marginally relevant. The defendant's statements to the witnesses are hearsay because they are statements of the defendant made to prove the truth of the matter asserted. Fed. R. Evid. 801(c). The defendant's own prior statements do not fall under any hearsay exception, for example, they not offered against himself. Fed. R. Evid. 801(d)(2). In *United States v. Cianci*, the court ruled that self-serving statements the defendant recorded were hearsay not subject to the state of mind exception. 378 F.3d 71, 106 (1st Cir. 2004). Additionally, the defendant's theoretical arrangements with potential vendors do not tend to make the defendant's submission of fraudulent applications for government grants more or less probable. Fed. R. Evid. 401. Even if the defendant had originally planned to construct qualified renewable energy properties, his nascent efforts are not probative of his subsequent misrepresentations to the U.S. Treasury.

To the extent the witnesses plan to testify about their limited financial transactions with the defendant, the government has already offered to stipulate to the facts and transactions that the witnesses intend to testify about. Defense counsel, however, refused to enter stipulations in lieu of calling the witnesses identified in the Motion.

Second, the defendant has not demonstrated any specific reasons why the defense witnesses need to testify remotely. The defendant's generalized arguments for allowing his witnesses to appear by Zoom—"the safety risk and expense of forcing witnesses to travel by air during the COVID-19 pandemic" and the increased risk of spreading COVID-19 among those involved in the jury trial—apply with equal force to the government's out-of-state witnesses. Although the government has no present intention of calling any witnesses to testify remotely, defense counsel has already stated that it will not agree to allow any out-of-state government witnesses to testify by Zoom even if the need arises, citing the

Confrontation Clause of the Sixth Amendment. The changing COVID-situation may make it difficult for the government's out-of-state witnesses to travel to trial, and unavailable witnesses may cause serious delays. While not determinative, the Court should consider the one-sidedness of the defendant's position when deciding the defendant's motion.

In similar situations, courts have required parties to submit declarations explaining why witnesses need to appear remotely, even when both parties agree to permit witnesses to testify remotely. *See United States v. Jasiel Correia*, Case No. 18-cr-10364-DPW. Other defendants have recognized the need to be flexible in the face of COVID-related concerns. In *United States v. Sutcivni* (Case No. 16-40031-TSH), which was tried in July 2021, a witness was exposed to COVID-19 mid-trial and both parties agreed to allow the witness to testify remotely via Zoom. In another case set for September 2021, parties jointly agreed to present certain witnesses by Zoom because of COVID-related concerns. *See e.g., United States v. Iwuanyanwu*, 19-CR-10119-DJC.

If the court is inclined to allow the defendant's witnesses to testify by Zoom, the government requests (a) that the defendant provide specific reasons why each of its witnesses cannot appear in-person and (b) that the remote testimony be conducted outside the presence of the jury, so the court can determine the admissibility of the testimony before it is presented to the jury.

**Conclusion**

In conclusion, the government respectfully requests that this Court deny the defendant's Motion, or in the alternative, order the defendant to (a) provide declarations explaining why certain witnesses cannot appear in-person or (b) conduct the witness

testimony outside the presence of the jury, so the court rule on admissibility and hearsay objections.

        Respectfully submitted,

        NATHANIEL R. MENDELL
        Acting United States Attorney

By:   */s/ Elysa Q. Wan*
        ELYSA Q. WAN
        NEIL J. GALLAGHER
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                 */s/ Elysa Q. Wan*
                                                 ELYSA Q. WAN
                                                 Assistant United States Attorney

Date: August 23, 2021