UNITED STATES DISTRICT COURT

DISTRICT of MASSACHUSETTS

UNITED STATES of AMERICA

v.                                                                              Case No. 17-cr-10243-IT

CHRISTOPHER N. CONDRON

DEFENDANT

## EMERGANCY MOTION TO REVIEW, PURPORTED PLACED IN SERVICE STATEMENTS PURPOETEDLY MADE BY METIVIER AND LIKELYHOOD OF PREJUDICIAL SPILLOVER

Defendant requests the court to review former co-defendant's purported statements regarding "Placed in Service", as they relate to Acton Bio Energy and Concord Nurseries. Based on the fact, defendant Condron, is to be sentenced based on a likely mistake of fact and law, reviewing Metivier's purported "placed in service" statements, and acknowledgements is required. Defendant contends the statements contained in

Metivier's plea arrangement are contradicted by the evidence, contained in the IRS memo/report dated June 19, 2013. Thus a plain or obvious error is very likely to have occurred, which the court under its own motion can review and reverse.

"A district court may review the decision of the Appeals Council if "it has given a mistaken reason for refusing further review." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). Review is appropriate where the mistake is "explicit" or represents an "egregious error." Id."

The government, states the nexus in Metivier's plea, which increased the penalty from a misdemeanor to a felony, was that the "investigation" was started January 13, 2013. This "mistake" of fact, is gross, the IRS civil division shows the case was not referred to the Criminal Investigation, until on or about, July 7, 2013. This gross error apparent, was either not noticed and or not corrected if noticed, by Metivier's court appointed counsel.

*Hill* established that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*. See *Hill*, supra, at 57, 106 S. Ct. 366, 88 L. Ed. 2d 203. As noted above, in Frye's case, the Missouri Court of Appeals, applying the two part test of *Strickland*, determined first that defense counsel had been ineffective and second that there was resulting prejudice. GARZA v. IDAHO, 139 S. Ct. 738; 203 L. Ed. 2d 77;

Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process. *Frye, ante,* at 144, 132 S. Ct. 1399, 182 L. Ed. 2d 379; see also

*Padilla v. Kentucky*, 559 U.S. 356, 364, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010); *Hill, supra*, at 57, 106 S. Ct. 366, 88 L. Ed. 2d 203. During plea negotiations defendants are "entitled to the effective assistance of competent counsel." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). In *Hill*, the Court held "the two part *Strickland* v. *Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S., at 58, 106 S. Ct. 366, 88 L. Ed. 2d 203. The performance prong of *Strickland* requires a defendant to show "'that counsel's representation fell below an objective standard of reasonableness.'" 474 U.S., at 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 quoting *Strickland*, 466 U.S., at 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674). From LAFLER v. COOPER, 566 U.S. 156; 132 S. Ct. 1376; 182 L. Ed. 2d 398;

The above, in and of itself, appears to meet both the first and the second prong of Strickland and is consistent with case law sighted. The district court under its own motion may review for plain or obvious error as effective assistance of counsel is a protected right under the Sixth Amendment of the Constitution.

Additionally, under United States v. Cronic, 466 US 648, 80L Ed 2d 657, 104 SCT 2039, the court held that "....the defendant could make out a Sixth Amendment claim of ineffective assistance of counsel only by pointing to specific errors by his counsel. The court further held that only when surrounding circumstances justify a presumption of ineffectiveness of counsel can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance."

For example, Metivier's plea, based on facts above, resulted in a felony level charge, rather than a misdemeanor level charge. This should easily, "justify a presumption of ineffectiveness of counsel", based on below.

In MISSOURI v. FRYE, 566 U.S. 134; 132 S. Ct. 1399; 182 L. Ed. 2d 379, the United States Supreme Court, found:

"The court next concluded Frye had shown his counsel's deficient performance caused him prejudice because {566 U.S. 140} "Frye pled {2012 U.S. LEXIS 11} guilty to a felony instead of a misdemeanor and was subject to a maximum sentence of four years instead of one year." *Id.*, at 360." Prejudice is defined as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The government further asserts, in essence, that on or about June 19, 2013, Metivier, purportedly lied to federal agents, by stating that the Acton Bio Energy and Concord Nurseries units of property, <u>had been</u> "placed in service", purportedly this "statement" was a lie, as the government contends the systems were not actually "placed in service". However, if one checks the governments answer or proofs with "fact", one very quickly realizes, that the IRS report regarding June 19, 2013, indicates that at the time, Metivier purportedly stated, that the systems <u>were not</u> "placed in service", this is completely opposite of what is stated in the plea arrangement, and a material error of fact.

Other statements contained in Metivier's Plea Arrangement, which appear in the June 19, 2013, IRS report, are stated as stated in the report. The result of this egregious error is more likely than not, a deliberate error of fact, as the statement included in the governments plea agreement, is very clearly, self-serving, to the government's position. The government's arguments and the charges contained in defendant Condron's, Counts 1 and 3, regarding sentencing purposes, rely on the energy producing properties, <u>not being</u> "placed in service". This could very likely be an instance of, Fraud upon the Court, by the government, as the government stated opposite of the report, this is also available for plain or obvious error review, under the courts own motion, to correct a miscarriage of justice.......

The Internal Revenue Service's version, of what Metivier purportedly stated, is also self-serving for the Service's purposes. If the property had <u>not been</u> "placed in service" the remaining portion of the grant, subject to recapture, could in fact, be recaptured. In addition to recapture, the Internal Revenue Service, could also tax the uncaptured amounts as income, saving the Service valuable time and recourses which would be required, to attempt, to prove this "purported" statement true. The self-serving nature of the "purported" statements go further, the "purported" comments about how Metivier and Condron met, are also self-serving to the Service, if Colman had made the "introduction", he would probably be subject to penalties, fines, etc. Also if Colman had made the introduction, it would have resulted in Colman "lying" to Federal Agents, in a previous interview.

"In certain Sixth Amendment contexts," however, "prejudice is presumed." *Ibid*. For example, no showing of prejudice is necessary "<u>if the accused is denied counsel at a critical stage of his trial,</u>" *United States* v. *Cronic*, 466 U. S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984), or left "entirely without the assistance of counsel on appeal," *Penson* v. *Ohio*, 488 U. S. 75, 88, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Similarly, <u>prejudice is presumed</u> "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Cronic*, 466 U. S., at 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657. GARZA v. IDAHO, 139 S. Ct. 738; 203 L. Ed. 2d 77;

As we know from IRS Agent Cinkala's testimony, he had never seen a gasifier in person, and thus was unable to identify the gasification equipment when presented to him, in person. However, Agent Cinkala did state at trial, that his gasification knowledge base was from photographs viewed during research. During trial, Agent Cinkala was shown a photograph of KGE's gasifier, Agent Cinkala was in fact, able to identify the item in the photograph as a gasifier. Based on above facts, it would be highly likely, Agent Cinkala, would not have the knowledge, to make an in person determination, as to if the property had or had not, met the placed in service requirements.

Based on the fact that Metivier's plea, is clearly contradicted by the June 19, 2013 report, which the plea is "purportedly", based upon, more likely than not, a clear, or obvious error has occurred, resulting in a clear or obvious miscarriage of justice, and does affect defendant Condron's sentencing process as outlined above.

In addition to above, it strongly appears the prongs of Strickland have been met, a second time, and if not the requirement of Cronic most certainly has been met.

Either, Ms. Metivier's court appointed counsel, completed an attorney's basic duty, to know the evidence or did not. Either, Ms. Metivier's court appointed counsel, advised her to accept the plea arrangement in opposite of the evidence, or appointed counsel did not advise defendant Metivier, at all. Either way, Metivier was clearly not given effective assistance of counsel, at a "critical point"... As noted above, the Sixth Amendment, which guarantees criminal defendants the right to the assistance of counsel for their defense, appears not to have been applied. Further, under Cronic, "only when surrounding circumstances justify a presumption of ineffectiveness of counsel can a Sixth Amendment claim be sufficient without inquiry into counsel's actual performance." It strongly appears that the circumstances related to Metivier's plea, appointed counsel's performance, is subject to a presumption of ineffectiveness.


"In *Padilla*, the Court again discussed the duties of counsel {2012 U.S. LEXIS 13} in advising a client with respect to a plea offer that leads to a guilty plea. {182 L. Ed. 2d LEdHR4} *Padilla* held that a guilty plea, based on a plea offer, should be set aside because counsel misinformed the defendant of the immigration consequences of the conviction. The Court made clear that "the negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." 559 U.S., at 373, 130 S. Ct. 1473, 176 L. Ed. 2d 284, 298. It also rejected the argument made by petitioner in this case that a knowing and voluntary plea supersedes errors by

<u>defense counsel.</u> Cf. Brief for Respondent in *Padilla* v. *Kentucky*, O. T. 2009, No. 08-651, p. 27 (arguing Sixth Amendment's assurance of effective assistance "does not extend to collateral aspects of the prosecution" because "knowledge of the consequences that are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea").

More likely than not, Metivier was prejudiced, due to counsels ineffective assistance, by agreeing to a false charge, during this critical moment. It is possible further still that Metivier's Plea Agreement, was executed under, "duress per minas". According to Ballantine's Law Dictionary the definition includes;

"Compulsion exercised by <u>threat of imprisonment</u>,...As defined at common law, such duress existed only where the party entered into a contract....for <u>fear of imprisonment</u>,......By many, if not most, of the modern authorities, however, the true doctrine of duress is held to be that a contract, deed, or any obligation obtained by so oppressing a person by threats regarding the safety or <u>liberty of himself</u>, or of his property, or of a member of his family, as to deprive him of the free exercise of his will and prevent the meeting of minds necessary to a valid contract, may be avoided on the ground of duress,......"

"In cases involving constitutional errors, courts duty is to reverse, unless it is able to declare belief that plain error is harmless beyond a reasonable doubt." *United States v. Hernandez-Berceda*, 572 F2d 681 (9th Cir. 1978). Declaration of the aforementioned

error(s) being harmless, as defendant has plead guilty, based on the fact, that the purported statements are in opposite of the evidence is a reversible error.

The First Circuit has defined miscarriage of justice narrowly as "encompassing only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Id.* at 99 (quoting *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991)); *see United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) ("In our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent.").

Obviously, in the interests of justice, Metivier's guilty plea, requires reversal, as Metivier is actually innocent of the charge contained in the government's plea document, based on the government's own evidence. Though, very unlikely, that the court is not bound to reverse Metivier's guilty plea, if the court is somehow, unable to reason, a reverse of Metiviers acceptance of the government's contradictory, to the evidence, plea offer, at minimum the court should reduce Metivier's sentence from a felony to a misdemeanor.

DEFENDANT                                                NOVEMBER 14, 2022

*[signature]*

CHRISTOPHER N. CONDRON