UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER CONDRON,<br><br>Defendant | CRIMINAL No. 17-CR-10243-IT |

GOVERNMENT'S SENTENCING MEMORANDUM

The Government submits its sentencing memorandum in support of its recommendation that the Court sentence the defendant, Christopher Condron, to a term of incarceration in the low-end of the guideline range, 3 years of supervised release, a $15,000 fine, $8.7 million in restitution, and a $400 special assessment. The defendant's sentencing guideline range is 121-151 months, as set forth in Probation's Pres-Sentence Report.

I. FACTUAL BACKGROUND AND GUIDELINE SENTENCE CALCULATION

The facts of the case are comprehensively laid out in the Court's Memorandum and Order Denying the Defendant's Motions Acquittal and New Trial [Doc. No. 502]. In sum, the defendant stole $8.7 million—and tried to steal another $42.8 million—in government funds by submitting fraudulent grant applications under Section 1603 of the American Recovery and Reinvestment Act. The defendant executed the fraud by manipulating his girlfriend, his mother, engineers, accountants, and other professionals. While awaiting trial on these charges, the defendant tried to abscond to Canada with his three young children—whom he did not have custody of—and his mother, a necessary trial witness.

The government agrees with the sentencing guideline calculation set forth in Probation's final Pre-Sentence Report as set forth below.

| | |
|---|---|
| Base Offense Level: | 7 (U.S.S.G. § 2B1.1(a)(1)) |
| Loss Amount > $25 million | +22 (U.S.S.G. § 2B1.1(b)(1)(L)) |
| Obstruction of Justice: | + 2 (U.S.S.G. § 3C1.1) |
| **Total Offense Level:** | **31** |
| **Criminal History Level:** | **II** |
| **Guideline Sentencing Range:** | **121 months – 151 months** |

According to the US Sentencing Commission's Judiciary Sentencing Information, from 2017-2021, there were 12 offenders whose primary guideline was §2B1.1, with a Final Offense Level of 31 and a Criminal History Category of II. The average length of imprisonment imposed for those 12 offenders was 107 months and the median length of imprisonment imposed was 120 months.

The amount of loss is substantial. For context, defense counsel has conceded that the intended loss is $23.3 million, which would produce a total offense level of 29 and guideline sentencing range of 97-121 months. Even if the Court was inclined to focus on the actual loss ($8.7 million) rather than intended loss, the total offense level would be 27 and the guideline sentencing range would be 78-97.

II. SENTENCING FACTORS

In determining a defendant's sentence, the court must consider the Sentencing Guidelines and determine the advisory sentencing guideline range, which, once calculated, establishes the court's "starting point" or "initial benchmark." See *Gall v. United States*, 522 S. Ct. 38, 49 (2007). Next, the court should consider the various factors set forth in 18 U.S.C. § 3553(a) including the nature and circumstances of the offense and the need for the sentence imposed to satisfy the statutory purposes of sentencing. Only after consideration of those factors should the court reach its ultimate determination. See *United States v. Martin*, 520 F.3d 87, 91 (1st Cir.

2008). In weighing the § 3553(a) factors, the First Circuit has emphasized that an individualized determination is, at all times, the touchstone: while a deviation from the guidelines may be warranted in certain instances; in other instances, it will not be.

The government's recommendation is motivated by the defendant's personal history, the nature and circumstances of the offense and the need to promote specific deterrence. This was not a crime of necessity or circumstances: the defendant came from a middle-class background, had the benefit of a high school education, and some college. Although the defendant struggled with alcohol dependence, this was not a brief mistake that the defendant made while intoxicated. The defendant chose to carry out a years-long scheme that fraudulently reaped over $8.7 million. His crimes also infected those around him. His girlfriend (Jessica Metivier) and mother (Shirley Brewer) became co-conspirators. He even listed his minor children on the corporate documents of the companies that submitted the fraudulent applications. Nor has the defendant accepted responsibility for his actions: he tried to escape prosecution by fleeing to Canada, and even now, he proclaims his innocence.

The recommended sentence also encourages general deterrence. The American Recovery and Reinvestment Act was enacted in response to the economic turmoil of the 2008 Great Recession, to save jobs and to stimulate the economy. The defendant's actions perverted those ideals. Not only did he steal government funds, but his crime also attacked the integrity of the Section 1603 grant program. Fraud, waste, and abuse of government funds erodes public trust of government programs and makes it that much harder to pass similar measures in the future.

III.     CONCLUSION

For the reasons stated above, the Government respectfully recommends that the Court sentence the defendant to a term of incarceration of 121 months, 3 years of supervised release, a $15,000 fine, $8.7 million in restitution, and a $400 special assessment.


                                        Respectfully submitted,

                                        RACHAEL S. ROLLINS
                                        United States Attorney


                        By:     /s/ *Elysa Wan*
                                Elysa Q. Wan
                                Neil Gallagher
                                Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that Click and choose text from drop-down list filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

                    By:    /s/ *Elysa Wan*
                              Elysa Q. Wan
                              Assistant United States Attorney

Date: November 23, 2022