UNITED STATES DISTRICT COURT

DISTRICT of MASSACHUSETTS

UNITED STATES of AMERICA

v.  Case No. 17-cr-10243-IT

CHRISTOPHER N. CONDRON

DEFENDANT

**MOTION REQUESTING THE COURT TO SENTENCE DEFENDANT BASED ON ACTUAL LOSS NOT "INTENDED LOSS."**

Comes now the defendant, Christopher N. Condron, and moves this Court to sentence him based on "actual loss". Based on [Doc. No. 550, ¶ II] the government clearly appears to offer, the opportunity to focus on the "actual loss" rather than "intended loss".

"The case of <u>United States v. Schneider,</u> (930 F.2d 555, 558,) was adopted by the First Circuit in the case of <u>United States v. Haggert,</u> 980 F.2d 8, 12 (1st Cir. 1992), describing the two types of fraudulent conduct:

1

"The first type of fraud implicates the "true con artist," who never intends to perform the undertaking, such as the terms of the contract or loan repayments, but who intends only to pocket the money without rendering any service in return. The second type of fraud involves a person who would not have attained the contract or loan but for the fraud, but who fully intends to perform. In the latter case, and only in the latter case, is the intended loss not to be considered for sentencing. (Emphasis ours.)See also *United States v. Blastos,* 258 F.3d 25, 30 (1st Cir. 2001)".

Defendant believes, based on trial evidence, the case before the Court, more closely resembles the "second type of fraud". Application ending 4854', was <u>never</u> a request for payment. The only claim, application ending 4854, could make, is that start of construction was obtained, and this was achieved. Defendant did perform the necessary requirements for application ending 4854', to be in full compliance with the requirements of the "contract", to file a begun construction (place holder) application. Construction was actually started, through the purchase of 32,500 wifi dongle communication devices, as stated in the application.

There was never any evidence offered at trial to exhibit defendant's mens rea or actus rea, was other than to fulfill the "contract", as had been accomplished to the point of filing and beyond. The above evidence should demonstrate, "intended" loss not be considered for sentencing purposes.

Based on court precedent, in cases similar to this case, the defendants were sentenced based on actual loss, not intended loss. *See examples,*

"……intended loss was between $400,000 and $1,000,000 for purposes of this Agreement, the parties are reducing the intended loss to the actual loss, which was approximately $45,424.00………"*United States v. Rosario-Fernandez,* 2014 U.S. dist. LEXIS 49278.

"……The PSR recommended, pursuant to the Guidelines, a guidelines sentencing range ("GSR") of 37-46 months of imprisonment." "The District Court here noted the "profound" disparity between the "loss" as calculated by Rueda's PSR and the actual "loss" attributed to her offense based on the victim impact statements submitted by the various financial institutions. But, the District Court, based on that disparity and various mitigating factors, exercised its discretion to impose a variant sentence of four months' imprisonment followed by two years of supervised release. We thus conclude that the District Court did not err in imposing the sentence that it did. United States v. Popovski, 872 F.3d 552, 554 (7th Cir. 2017) ("If a calculation under Application Note 3(F)(i) overstates the seriousness of the offense, a district judge must adjust accordingly."). Accordingly, we affirm the District Court's sentence." *United States v. Rueda* 933 F.3d 6.

The "actual loss" in the case before the Court, is currently valued at approximately $8.7 million, which would result in a suggested sentencing guideline range of 78-97 months. However, if intended loss were to be considered for sentencing purposes, the resulting sentencing guideline range would be 120-151 months. The difference is approximately 50% between the high and low calculations, which results in a "profound disparity".

If "intended loss" were to be considered for sentencing purposes, the Court would be required to decide, if the estimated cost basis filed with the application, or the estimated cost basis contained in the corrected construction cost estimate, "uploaded to a Treasury website", resulting in a <u>30% cost reduction,</u> would be considered. Either way the resulting sentence, would likely be based on false pretenses, warranting remand and /or reversal. Determination of intended loss, related to Ocean Wave Energy, would very likely be the result of a plain or obvious error of fact and /or law. The Court could review for these types of errors, through rule 52(b), to prevent any potential miscarriage of justice, related to the corrected construction cost estimate, "uploaded to a Treasury website".

This Motion is not intended to challenge defendant's conviction. However, if the Court does notice any plain or obvious errors, its duty is to reverse, which the Court may accomplish under its own motion. "In cases involving constitutional errors, a court's duty is to reverse, unless it is able to declare belief that plain error is harmless beyond a reasonable doubt." *United States v. Hernandez-Berceda*, 572 F2d 681 (9th Cir. 1978).

Defendant,                                                                                          December 5, 2022,

CHRISTOPHER N. CONDRON